

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

> This Opinion
> Overrules Opinion
> *0-2507, 0-4354,*
> *0-4249 0-3637*
> *in so far as they are in*
> *conflict herewith*

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5301
Re: Applicability of Sec. 5,
Art. 1111d, V. P. C., (Chain
Store Tax Law) to stores
operated by utility companies
and located in towns of 3000
or less population.

Receipt of your letter of May 13, 1943, addressed
to this department, is acknowledged. From it we quote:

"In view of the recent court opinion holding
utilities companies taxable for chain store taxes
under Section 5 of the Chain Store Tax Act, I will
thank you to reconsider your opinions numbered O-2507,
O-3637, O-4354, O-4249 and advise this department the
effect of the last paragraph of Section 1 of Article V
of House Bill No. 8, Regular Session of the Forty-seventh
Legislature, which reads as follows:

"'And providing further that utilities paying an
occupation tax under this Article shall not hereafter
be required to pay the license fee imposed in Article
5(a) of House Bill No. 18, Chapter 400, Acts of the
Forty-fourth Legislature, for the privilege of selling
gas and electric appliances and parts for the repairs
thereof in towns of 3,000 or less in population according
to the next preceding Federal census.'

"Are stores owned and operated by utilities com-
panies in towns having a population less than 3,000
inhabitants now taxable under Section 5 of the Chain
Store Tax Act?"

COMMUNICATION

Honorable Geo. H. Sheppard, page 2

We assume that the recent court opinion referred to in your letter is that of Central Power & Light Co. v. State, 165 S. W. (2d) 920, in which writ of error was refused by our State Supreme Court, and appeal dismissed by the Supreme Court of the United States, 87 L. Ed. 926.

In our opinion No. O-2507 we held that Sections 5 and 5a of Art.1111d, V. P. C., set up two separate tax schedules and taxed two separate businesses, and that stores operated by utility companies from which were sold electric and gas equipment and appliances were taxable under Section 5a, while stores operated by such companies and selling other merchandise were taxable under Section 5, and that such chains were separate, and the stores could not be taxed as a single chain. This holding was directly before the court in the Central Power & Light Company case, and was there overruled, as will be pointed out hereinafter in greater detail.

In our opinion No. O-3637, we held that Article 5, H. B. 8, 47th Legislature, amending Article 7060, R. C. S., exempted the stores of utility companies from the operation of the Chain Store Tax Law.

In our opinion No. O-4249, we held that if a gas utility company was exempt from the operation of the Chain Store Tax Law by reason of the 1941 amendment to Article 7060, it would not subject itself to liability by reason of selling trade-in merchandise accepted in payment for merchandise authorized to be sold under such exemption.

In our opinion No. O-4354 we followed our opinion No. O-2507, and held that stores of utility companies located in unincorporated towns of 3000 or less population were subject to the tax under Sec. 5 of Article 1111d, V. P. C., and that stores of such companies, which were located in incorporated cities or towns of more than 3000 population were taxable under Sec. 5 of such article.

The pertinent part of Article 7060, R. C. S., as amended, Acts 1941, 47th Legislature, H. B. 8, Art. 5, Sec. 1, reads as follows:

"And provided further that utilities paying an occupation tax under this Article shall not hereafter be required to pay the license fee imposed in Article 5a, House Bill No.18, Chapter 400, Acts of Forty-fourth Legislature, for

Honorable Geo. H. Sheppard, page 3

the privilege of selling gas and electric appliances
and parts for the repair thereof, in towns of three
thousand (3,000) or less in population according to
the next preceding Federal Census." (Emphasis ours)

It will be seen that the quoted amendment to
Art. 7060 was directed only to the exemption of such utility
company stores from the tax "imposed in Article 5a" of the
Chain Store Tax Law. In Central Power & Light Co. v. State,
supra, the court in holding that utility companies were sub-
ject to the tax imposed by Section 5 of the Chain Store Tax
Law used the following language:

"The pertinent exemption of Sec. 5 was of 'any
business now paying an occupation tax measured by gross
receipts.' The only occupation tax paid by appellants
based upon receipts was that prescribed in Article 7060,
R. C. S., Vernon's Annotated Civil Statutes, Art. 7060,
which was upon receipts only from electric light and
power in incorporated cities of not less than 2,500
inhabitants according to the next preceding U. S. census.
This was not a gross receipts tax upon the business of
defendants in that it did not include receipts from
business done outside the designated cities, and did
not include receipts from any of its business, wherever
done, other than the supplying of electric current. The
term 'measured by gross receipts' is all inclusive and
excludes the concept of receipts measured by anything
less than all business done.

"A utility, which did not operate or maintain a
store or other business establishment where merchandise
was sold, clearly did not come within the purview of
the Act. Where it operated stores for such sale, it
paid no receipts tax upon that business. Consequently,
it could not fall within the exception. The very purpose
of the exception was to relieve from paying two occupation
taxes, namely: a sale tax and a chain store tax upon the
same merchandising business." (Emphasis ours)

Honorable Geo. H. Sheppard, page 4


Referring to the holding of the Supreme Court in the case of Hurt v. Cooper, 130 Tex. 433, 110 S. W. (2d) 896, the court further stated:

"It is manifest that the Supreme Court did not regard an electric utility, which also operated stores within the meaning of the Act, as exempt by reason of the fact that it paid a gross receipts tax measured only by a part of its business in supplying electric current."

Again, in discussing the effect of Section 5a, the court said:

"While the Section was in effect merely cumulative of Sec. 5, in that its provisions were already included therein, its purpose may readily be explained as a clarification of the fourth exception in Sec. 5."

In the case of Hurt v. Cooper, supra, the Supreme Court expressly stated that the only business falling within the terms of the "fourth exception in Sec. 5" which is "any business now paying an occupation tax measured by gross receipts" was that of textbook publishers.

A careful reading of the opinions in the cases of Central Power & Light Co. v. State, and Hurt v. Cooper, supra, leads to the inescapable conclusion that none of the stores of utility companies have ever been subject to tax under Sec. 5a, Art. 1111d, V. P. C., but that all of such stores have been subject to the tax imposed by Sec. 5 of such article at all times since the enactment of the law. The Legislature, in passing the amendment to Art. 7060, did not undertake to exempt the stores of such companies from the operation of Sec. 5 of the Chain Store Tax Law, but only attempted to exempt certain stores from the operation of Sec. 5a. Clearly such amendment had no effect upon the operation of Sec. 5; and our opinion No. O-3637, insofar as it declares that no further tax can be collected on such stores by virtue of the provisions of Sec. 5, to that extent is erroneous, and such holding is hereby overruled.

Honorable Geo. H. Sheppard, page 5

We are convinced that all stores of utility companies, wherever located in this State, have been taxable under the provisions of Sec. 5, Art. 1111d, V. P. C., at all times since the effective date of that statute, and that the quoted amendment to Article 7060 was wholly ineffective to remove such liability, since that amendment was directed to the provisions of Sec. 5a only, and the obvious intent of the Legislature was simply to eliminate whatever liability, if any, which existed against the stores named therein by virtue of the provisions of such section.

It follows that your question must be answered in the affirmative, and insofar as our opinions Numbers O-2507, O-4354 and O-4249 are in conflict with this opinion they are hereby expressly overruled.

We feel, however, that it should be pointed out here that Sec. 5 of the Chain Store Tax Law (Article 1111d, V. P. C.) was amended by H. B. No. 10, Acts 1943, 48th Legislature. This bill was passed as an emergency measure, but did not receive the requisite number of votes to become immediately effective. It will become effective, however, ninety days after the adjournment of the Legislature.

So far as this bill affects the liability of stores of utility companies, it provides that no chain store tax or fee shall be required of such stores of such companies where they are located in towns of 3000 or less population, provided that as much as seventy-five per cent of the total gross receipts of such companies during the preceding year in each town where such stores are located was derived from the sale of gas and/or electric service; and provided further that all other stores of such utility companies, which are located in towns of more than 3000 population, shall pay only the fees imposed by Sections 2, 4 and 5 of the Act. Thus H. B. 10 clearly eliminates any question of the liability of such stores under the provisions of Sec. 5a. The action of the Legislature in specifically stating in H. B. 10 that such stores shall be "required to pay only the fees imposed by Sections 2, 4 and 5," thus eliminating any possible liability under Sec. 5a, supports the position hereinabove taken, that the amendment to Article 7060 was likewise simply for the purpose of eliminating any possible liability of the stores named therein under Sec. 5a. This action of the Legislature also emphasizes the fact that the amendment to Article 7060 was not intended to and did not alter the liability of any stores under the provisions of Sec. 5.

Honorable Geo. H. Sheppard, page 6

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 1, 1943

By *Fowler Roberts*

~~~~ ASSISTANT
~~~~RNEY GENERAL

Fowler Roberts
Assistant

FR:ALW


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN